Robbie THOMAS, Appellant

v.

Major VUKSTA; X–C/O Smith, of "AB"
Block; Mr. Murick, Unit Manager;
Charlie Brinich, Psychologist.

No. 12–2612.

United States Court of Appeals,
Third Circuit.

Submitted for Possible
Dismissal Pursuant to
28 U.S.C. § 1915(e)(2)(B)

or Summary Action Pursuant to
Third Circuit LAR 27.4
and I.O.P. 10.6 July 19, 2012.

Opinion Filed: July 27, 2012.

Robbie Thomas, Frackville, PA, pro se.

Joseph G. Fulginiti, Esq., Pennsylvania
Department of Corrections Office of Chief
Counsel, Mechanicsburg, PA, for Major
Vuksta.

Before: SCIRICA, SMITH and
CHAGARES, Circuit Judges.

OPINION

PER CURIAM.

*Pro se* appellant Robbie Thomas appeals
the District Court's order dismissing a
complaint he filed pursuant to 42 U.S.C.
§ 1983. Because this appeal presents no
substantial question, we will summarily af-
firm the District Court's judgment pursu-
ant to 3d Cir. LAR 27.4 and I.O.P. 10.6.

I.

In 2011, Thomas filed a complaint alleg-
ing that, since 2007, various prison person-
nel had been retaliating against him for
filing a civil action against the state De-
partment of Corrections. The alleged re-
taliatory acts, which he claims have caused
him psychological stress, include taking his
legal mail, withholding stationery with
which to file legal papers, restricting ac-
cess to the telephone and legal research
materials, placing him in the Restricted
Housing Unit without due process of law,
administering unwanted medication, and
filing false misconduct reports against him.

Defendants moved to dismiss under
Fed.R.Civ.P. 12(b)(6) for failure to state a
claim. The District Court granted the mo-
tion and gave Thomas leave to amend to
cure the deficiencies it noted. Thomas
filed an amended complaint, which the Dis-
trict Court dismissed for failure to state a
claim pursuant to 28 U.S.C.
§ 1915(e)(2)(B)(ii). Thomas now appeals.

II.

We have jurisdiction under 28 U.S.C.
§ 1291. Our review of the District Court's
order dismissing the complaint is plenary.
*Tourscher v. McCullough,* 184 F.3d 236,
240 (3d Cir.1999). To survive a motion to
dismiss under Rule 12(b)(6), a plaintiff
must present facts that, if true, show a
facially plausible right to relief. *Fleisher
v. Standard Ins. Co.,* 679 F.3d 116 (3d
Cir.2012). We may summarily affirm if an
appeal presents no substantial question.
LAR 27.4; I.O.P. 10.6.

III.

We agree with the District Court that
Thomas's amended complaint failed to

state a claim. In granting Thomas leave to amend his original complaint, the District Court thoroughly outlined its flaws, as follows. A defendant in a Section 1983 action must be personally involved in the alleged wrongs. *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988). The complaint must set forth particularized allegations of participation or actual knowledge and acquiescence. *Id.* In a retaliation case, a plaintiff bears the initial burden of showing that his constitutionally protected conduct was a substantial or motivating factor for the acts complained of. *Rauser v. Horn,* 241 F.3d 330, 333 (3d Cir.2001). The District Court correctly concluded that Thomas's original complaint failed to make these showings and therefore did not state a claim. The District Court allowed Thomas to amend his complaint, but his amended complaint is as deficient as the original in failing to allege that any of defendants' actions were linked to Thomas's having exercised his constitutional rights.

In all of Thomas's pleadings, the only allegation that might be characterized as suggesting a causal connection between his previous lawsuit and his current and ongoing treatment is that a doctor once asked him why he would bite the hand that feeds him. We agree with the District Court that this is insufficient to create a facially plausible claim of any true "causal link between the exercise of his constitutional rights and the adverse action taken against him" as required to prevail on a retaliation claim pursuant to Section 1983. *Rauser,* 241 F.3d at 333. We therefore agree that the amended complaint warranted dismissal.[1]

## IV.

Thus finding no substantial question raised by this appeal, we will summarily affirm the judgment of the District Court.

---

1. For similar reasons, the District Court did not abuse its discretion in denying Thomas's motions for appointment of counsel. *Tabron v. Grace,* 6 F.3d 147, 158 (3d Cir.1993).